UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| JOANA J.,[1] | Case No. 26-CV-892 (MJD/JFD) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| PAMELA JO BONDI, KRISTI NOEM, TODD LYONS, DAVID EASTERWOOD, AND ERIC TOLLEFSON, IN THEIR OFFICIAL CAPACITIES, | |
| Respondents. | |

Petitioner Joana J. has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Dkt. No. 1). The petition has been referred to the undersigned for the issuance of a report and recommendation.

Petitioner is a citizen of Haiti, who entered the United States on or about May 25, 2024, after being granted Haitian Humanitarian Parole ("HHP"). (Pet. ¶¶ 1, 15.) Her HHP status expired on June 12, 2025. (*Id.* ¶ 4.) Petitioner filed an I-589 Application for Asylum and for Withholding of Removal on August 12, 2025, and her asylum application remains pending. (*Id.* ¶ 1.) Petitioner was issued a Notice to Appear and placed in full removal

---

[1] This District has adopted a policy of using only the first name and last initial of any nongovernmental parties in immigration cases.

1

proceedings on November 20, 2025, pursuant to 8 U.S.C. § 1229a. (*Id.* ¶ 5.) She has been detained at the Kandiyohi County Jail since November 20, 2025. (*Id.* ¶ 15.)

According to the petition, Respondents have deemed Petitioner an "applicant for admission" to the United States and therefore subject to the mandatory detention provisions of 8 U.S.C. § 1225. (*Id.* ¶ 6.) Petitioner points out that she entered the United States more than a year-and-a-half ago, on HHP that was approved before she entered, and thus she is not an "applicant for admission." (*Id.* ¶ 5.) Rather, Petitioner contends, she is detained pursuant to 8 U.S.C. § 1226(a), which allows for release on conditional parole or bond. (*Id.* ¶ 8.) Through her habeas petition, she asks for release or a custody redetermination hearing pursuant to § 1226. (*Id.* ¶ 10.)

The Federal Respondents oppose the petition. (Dkt. No. 4.) In doing so, however, they confusingly refer to Petitioner (who identifies herself as a woman in the petition) as "he" and describe Petitioner as "a noncitizen who was [sic] presented himself at the border in April 2023," not a noncitizen who entered the United States on HHP in May 2024. (*See* Fed. Resp'ts' Resp. at 1, Dkt. No. 4.) The Federal Respondents' description of Petitioner and her entry into the United States is not consistent with the petition or the exhibits attached to the petition. Respondents also refer to a "Fuller Declaration" (*id.* at 4), but no such declaration was filed, nor did Respondents file any exhibits in support of their opposition. Respondents' legal argument is that Petitioner's detention falls under the mandatory detention provisions of 8 U.S.C. § 1225(b)(1)(B)(ii) because she is an "arriving alien" and subject to expedited removal proceedings. (Fed. Resp'ts' Resp. at 1–2.) Respondents also cite *Chen v. Almodovar*, No. 1:25-CV-8350-MKV, 2025 WL 3484855,

at *5 (S.D.N.Y. Dec. 4, 2025), for the proposition that Petitioner's pending asylum application equates to "seeking admission" to the United States. (Fed. Resp'ts' Resp. at 6.)

The Court clearly has concerns about the discrepancies between the facts as presented by Petitioner and the Federal Respondents' memorandum. The lack of a declaration or any exhibits from the Federal Respondents only adds to the concerns. Nonetheless, the Court has enough facts before it to recommend a disposition of the petition, and in the interest of expediency will proceed on the present record.

Section 1225(b)(1)(B)(ii)—the statute that Respondents say applies here—requires the detention of a noncitizen "arriving in the United States" who has an asylum interview and who is determined to have a credible fear of persecution. There is nothing in the record indicating that Petitioner had an asylum interview or that a credible-fear-of-persecution determination was made. Nor is Petitioner a noncitizen "arriving in the United States." Petitioner *arrived* in the United States more than a year-and-a-half ago, on or about May 25, 2024. Respondents have not established that Petitioner's detention is governed by § 1225(b)(1)(B)(ii).

Petitioner's application for asylum did not place her in the position of an arriving noncitizen or a noncitizen applying for admission. *See Mahamed C.A. v. Noem*, No. 25-CV-4551 (MJD/JFD), 2025 WL 3771299, at *3 (D. Minn. Dec. 16, 2025), *R. & R. adopted sub nom. Awaale v. Noem*, 2025 WL 3754012 (D. Minn. Dec. 29, 2025). Both the undersigned magistrate judge and the district judge assigned to this case have already declined to follow *Chen*, the case cited by Respondents. *See Mahamed C.A.*, 2025 WL 3771299, at *3; *Awaale*, 2025 WL 3754012, at *2. By applying for asylum, Petitioner did

3

not put herself in the place of an "arriving alien" or a noncitizen "seeking admission." *See Mahamed C.A.*, 2025 WL 3771299, at *3; *Awaale*, 2025 WL 3754012, at *1; *see also Misael T. v. Bondi*, No. 26-CV-263 (ECT/EMB), 2026 WL 146510, at *2 (D. Minn. Jan. 20, 2026); *Mayamu K. v. Bondi*, No. 25-3035 (JWB/LIB), 2025 WL 3641819, at *4 (D. Minn. Oct. 20, 2025).

Accordingly, for the above reasons, the Court concludes that Petitioner's detention does not fall under § 1225(b)(1)(B)(ii). To the extent Respondents have suggested that Petitioner's detention falls under § 1225(b)(2), the Court disagrees for the reasons expressed in *Beltran v. Bondi*, No. 25-04604 (MJD/DTS), 2025 WL 3719856, at *1 (D. Minn. Dec. 23, 2025). Petitioner is not an "applicant for admission" or "seeking admission."

That leaves § 1226 as a possible basis for Petitioner's detention. Section 1226(a) provides that "[o]n a warrant issued by the Attorney General, an alien may be arrested and detained." The "[i]ssuance of a warrant is a necessary condition to justify discretionary detention under section 1226(a)." *Cristian Z. v. Bondi*, No. 26-CV-157 (ECT/ECW), 2026 WL 123116, at *2 (D. Minn. Jan. 16, 2026) (quotation omitted). Without a warrant, "a noncitizen may not be arrested and detained under section 1226(a)." *Id.* (cleaned up). Petitioner contends no warrant was issued, and Respondents have not argued or shown otherwise. Accordingly, Respondents have not identified a valid statutory basis for detention, and the Court recommends immediate release. *See Edwin C.R. v. Bondi*, No. 26-355 (MJD/JFD), 2026 WL 185068, at *2 (D. Minn. Jan. 25, 2026). The parties' attention is directed to the shorter than usual deadlines for filing objections to this Report and

4

Recommendation and for filing responses to those objections, set forth in the "Notice" below.

Accordingly, **IT IS HEREBY RECOMMENDED** that:

1. Petitioner Joana J.'s Petition for Writ of Habeas Corpus (Dkt. No. 1) be **GRANTED**;

2. Respondents be ordered to immediately release Petitioner Joana J. from custody; and

3. Respondents be ordered to file a notice confirming such release within 24 hours of the date of any order adopting this Report and Recommendation.

Dated: February 4, 2026            *s/ John F. Docherty*
                                   JOHN F. DOCHERTY
                                   United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals. Under D. Minn. LR 72.2(b)(1), "[a] party may file and serve specific written objections to a magistrate judge's proposed findings and recommendations within 14 days after being served with a copy of the recommended disposition, *unless the court sets a different deadline*." (Emphasis added.) **The Court modifies the deadline such that objections are due on or before February 6, 2026. Responses to objections are due on or before February 9, 2026.** All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).